**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **ROSA ANGELICA DE LEON VELASQUEZ,** | § § § | |
| **Petitioner,** | § § | |
| **v.** | § § | **CAUSE NO. EP-26-CV-796-KC** |
| **FACILITY ADMINISTRATOR, EL PASO SERVICE PROCESSING CENTER et al.,** | § § § § § | |
| **Respondents.** | § | |

**ORDER**

On this day, the Court considered Rosa Angelica De Leon Velasquez's Petition for a Writ of Habeas Corpus, ECF No. 1. De Leon Velasquez is detained at the El Paso Service Processing Center in El Paso, Texas. *Id.* ¶ 2. She argues that her detention is unlawful and asks the Court to order her release or a bond hearing. *Id.* ¶¶ 47–55; *see id.* at 10–11.

De Leon Velasquez entered the United States in 2009. *Id.* ¶ 39. At some point, she was placed in removal proceedings, but an Immigration Judge dismissed the proceedings on August 28, 2024. *Id.* ¶ 40. On August 28, 2025, De Leon Velasquez was taken into immigration custody after a "traffic offense." *Id.* ¶¶ 41–42. In its Show Cause Order, ECF No. 4, the Court noted that, "[a]s alleged, [De Leon Velasquez's] case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 674–88 (W.D. Tex. 2025)." Show Cause Order 1. The Court thus asked Respondents to engage with its prior decisions and "explain whether the facts of De Leon Velasquez's case warrant a different outcome." *Id.* at 1–2.

Respondents argue that De Leon Velasquez's case must be dismissed following *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026).  Resp. 1, ECF No. 5.

De Leon Velasquez argues that her detention without an opportunity for a meaningful individualized custody determination is unlawful on constitutional due process grounds.  Pet. ¶¶ 47–55.  To the extent De Leon Velasquez challenges her detention on statutory grounds, the *Buenrostro-Mendez* panel opinion held that the statute does not entitle people in De Leon Velasquez's position to a bond hearing when they are detained pending removal proceedings. *Buenrostro-Mendez*, 2026 WL 323330, at *1.  Therefore, Respondents are correct that *Buenrostro-Mendez* requires denial of the Petition in part as to De Leon Velasquez's statutory claim.

However, as this Court has previously stated, the *Buenrostro-Mendez* court did not reach the due process question, confining its analysis and holding to statutory interpretation.  *Gomez Hernandez v. ICE Field Off. Dir., El Paso, Tex.*, No. 3:26-cv-67-KC, 2026 WL 503958, at *2 (W.D. Tex. Feb. 23, 2026) (citations omitted).  "Thus, '*Buenrostro-Mendez* has no bearing on this Court's determination of whether [a habeas petitioner] is being detained in violation of her constitutional right to procedural due process.'"  *Id.* at *2 (citations omitted).  Other "[f]ederal district courts in Texas have also made this finding subsequent to the Fifth Circuit issuing its opinion in Buenrostro-Mendez."  *Ochoa v. Vergara*, No. 1:26-cv-266-RP, 2026 WL 482211, at *3 (W.D. Tex. Feb. 20, 2026) (collecting cases).

And the Court has already rejected the rest of Respondents' arguments or else need not reach them.  *Compare* Resp. 1–23, *with, e.g.*, *Gomez Hernandez*, 2026 WL 503958, at *1–3; *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10,

2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10–13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo*, 801 F. Supp. 3d at 674–88.  Because Respondents have not identified any material differences between De Leon Velasquez's case and this Court's prior decisions, and *Buenrostro-Mendez* has no bearing on De Leon Velasquez's procedural due process claim, it follows that the same result is warranted here.  *See generally* Resp.

Thus, after careful consideration of the entire record,[1] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, *Gomez Hernandez*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), De Leon Velasquez's Petition is **GRANTED IN PART** on procedural due process grounds.[2]

The Court **ORDERS** that, **on or before April 9, 2026**, Respondents shall either: (1) provide De Leon Velasquez with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, De Leon Velasquez's continued detention; or (2) release De Leon Velasquez from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before April 9, 2026**, Respondents shall **FILE** notice informing the Court whether De Leon Velasquez has been released from custody. If De Leon Velasquez has not been released from custody, Respondents shall inform the Court

---

[1] The relevant facts are undisputed, *see* Resp. 3–4, and the Court grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

[2] As to De Leon Velasquez's requested relief—immediate release or a bond hearing—*Buenrostro-Mendez* does not change the Court's analysis of the appropriate remedy either.  *See, e.g., Bonilla Conforme v. de Anda-Ybarra*, No. 3:26-cv-263-KC, 2026 WL 381110, at *3 (W.D. Tex. Feb. 11, 2026) (citing *Lala Barros*, 2025 WL 3154059, at *5 n.1).

whether and when a bond hearing was held in accordance with the preceding paragraph. Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

**IT IS FURTHER ORDERED** that if De Leon Velasquez is released from custody, Respondents shall **RETURN** all of her personal property in Respondents' custody, without which her liberty interest will be affected, to her upon release. Such property includes, but is not limited to, identification documents.

**There will be no extensions of the April 9, 2026, deadlines**.

**Respondents are CAUTIONED that a proceeding in which bond is denied by the IJ for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with this Order, and therefore requires release from custody**.

**SO ORDERED**.

**SIGNED this 2nd day of April, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE